IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAVARIS HINKLE, #229 316, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-912-ALB-SMD |
| ) | [WO] |
| OFFICER K. CHAPPELL, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on November 21, 2016, alleging that Defendants failed to protect him from an inmate assault. *See generally* (Doc. 1). On November 30, 2016, the Court entered an Order of procedure directing Defendants to file an answer and special report. (Doc. 4). The Order also directed Plaintiff to "immediately inform the court and counsel for Defendants . . . of his new address" if he moved to a different institution or was released. *Id.* at 4. The Order advised Plaintiff that "[f]ailure to comply with this requirement will result in a Recommendation that this case be dismissed." *Id.*

On June 3, 2019, the envelope containing Plaintiff's copy of a notice issued by the Court on May 17, 2019, was returned to the Court marked as undeliverable because Plaintiff is no longer at the last address for service he provided to the Court. Accordingly, the Court entered an Order June 5, 2019, requiring that by June 14, 2019, Plaintiff file with the Court a current address and/or show cause why this case should not be dismissed for

his failure to adequately prosecute this action. (Doc. 29). The June 5 Order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Plaintiff's copy of the June 5, 2019, Order was returned to the Court August 5, 2019, marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this Court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The Court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this Court and to prosecute this action. It is further

ORDERED that **on or before August 20, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 6th day of August 2019.

                                                /s/ Stephen M. Doyle
                                                UNITED STATES MAGISTRATE JUDGE